# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LATONYA RENEE BRISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-cv-01783-CDP |
| JERMAL MULLS, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of pro se plaintiff Latonya Renee Brison for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee and will grant her leave to proceed in forma pauperis. Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim and for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common

sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On October 18, 2018, plaintiff filed a pro se civil rights complaint with the Court. (Docket No. 1). The complaint named Central Intelligence Agent Jermal Mulls as the sole defendant. At that time, she also filed a motion for leave to proceed in forma pauperis (Docket No. 2) and a motion for appointment of counsel (Docket No. 3).

On January 14, 2019, plaintiff filed an amended complaint. (Docket No. 5). The amended complaint named Central Intelligence Agent Jermal Mulls, CIA Informant Danisha Berries, and CIA Headquarters as defendants. The Court notes that the filing of an amended complaint completely replaces the original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). As such, the Court will look at the amended complaint, rather than the original complaint, for purposes of § 1915 review.

**The Amended Complaint**

The substance of plaintiff's amended complaint is that she has been subjected to nonconsensual human experimentation and torture. (Docket No. 5 at 5). She claims that this has "destroyed" her life and damaged her mind. (Docket No. 5 at 6). She blames the government for this experimentation.

Plaintiff alleges that on June 17, 2017, her body was "cyberhacked" by implantation of a nanochip, wireless chip, and a piezoelectric sensor into her cortex. (Docket No. 5 at 7). She states this was done invisibly "through the television, radio, and power." She states that her nervous system has been manipulated and that microwave irradiation is causing her body pain. She also alleges that satellite surveillance is watching her every movement through the chips in her body. Plaintiff concludes that the "CIA and others are conducting non-consensual experimentation" in violation of the Fourteenth Amendment.

The amended complaint provides a laundry list of alleged abuses being perpetrated, including covert psychology, stem cell research, cloning, sex trafficking, and sleep deprivation. Plaintiff attributes these abuses to the Geneva Convention, CIA illegal operations, and a number

of codenamed programs, such as "Operation Mockingbird," "Operation Valkyrie," "Operation Paperclip," and the "Phoenix Program." (Docket No. 5 at 7-8).

Plaintiff states that her amended complaint implicates the United States Constitution and a number of federal statutes, including the Patriot Act, 18 U.S.C. §§ 241-242, and UCMJ § 809. (Docket No. 5 at 3). She does not request any money damages and does not state what relief she is seeking from the Court.

## Discussion

Plaintiff has filed a pro se civil rights complaint against defendants Jermal Mulls, Danisha Berries, and CIA Headquarters. She alleges that she has been the victim of human experimentation and surveillance. Having thoroughly reviewed and liberally construed plaintiff's amended complaint, and for the reasons discussed below, this action must be dismissed for failure to state a claim and for frivolity.

### A. Failure to State a Claim

While factual allegations in a complaint must be accepted as true, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). The reviewing court looks at the well-pleaded facts in the complaint to determine whether the pleading party has provided the necessary notice, thus stating a claim in the manner contemplated by the Federal Rules. *Parkhill v. Minnesota Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002).

Plaintiff's amended complaint consists primarily of broad assertions of governmental misconduct that encompasses cyberhacking, sex trafficking, genetic weaponry, V2K weapons, CIA black sites in Afghanistan, Iraq, and Guantanamo Bay, and constant surveillance. Because of the way the Statement of Claim is written, it is difficult to determine which of these claims pertain specifically to her. That said, it seems that the focus of her amended complaint is the alleged implantation of chips into her cortex, causing her pain and brain damage. Plaintiff, however, never specifically alleges that defendants played any role in this action. Indeed, aside from brief references to the "CIA and others," plaintiff does not mention defendants in the Statement of Claim at all. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations).

The Court notes that in the original complaint, plaintiff alleges that "CIA Headquarter[s] started following my phone" and that "signals [were sent] from neighbors of Danisha Berries['] home, and CIA Jermal Mulls." (Docket No. 1 at 5). Even incorporating this statement into the amended complaint, plaintiff still fails to allege any facts showing that the named defendants violated her rights. Plaintiff does not indicate what she believes defendants actually did to her, thus requiring an unwarranted inference that everything she claims occurred did so as a result of defendants' unstated actions. This type of pleading is insufficient to state a claim. Furthermore, the amended complaint does not give notice to defendants of the nature and basis or grounds for her claim. Such notice is required to state a claim pursuant to the Federal Rules. Therefore, plaintiff's amended complaint must be dismissed for failure to state a claim.

**B. Frivolity**

Pursuant to 28 U.S.C. § 1915, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). In dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To that end, a court may dismiss a claim as factually frivolous when the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This encompasses allegations that are fanciful, fantastic, and delusional. *Id*. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

Plaintiff's amended complaint is premised on the assertion that she was invisibly implanted with microchips via "the television, radio, and power." Plaintiff alleges that these chips allow her to be surveilled at all hours, and can be used to manipulate her nervous system. These facts are clearly baseless in that they rise to the level of the irrational and wholly incredible. *See Sikora v. Houston*, 162 F.3d 1165, 1998 WL 390444, at *1 (8th Cir. 1998) (unpublished opinion) (affirming district court dismissal of complaint as "delusional and therefore frivolous" where plaintiff alleged the "use of electro staticmagnetic pressure field devices that surround his body in pressure fields of varying degrees and frequencies" and that "caused him to suffer various physical problems"). As such, plaintiff's amended complaint must be dismissed on the basis of frivolity.

### C. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). This motion will be denied as moot as this action is being dismissed pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of March, 2019.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE